# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:17-CV-221-RJC-DCK

| | |
|---|---|
| DOMINIC JERMAINE BETOURNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GKN DRIVELINE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Moti[o]n To Enforc[e] The Defendant To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action" (Document No. 26). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

## BACKGROUND

Plaintiff Dominic Jermaine Betourney ("Plaintiff" or "Betourney"), appearing *pro se*, initiated this action with the filing of a form "Complaint For Employment Discrimination" (Document No. 1) (the "Complaint") on December 11, 2017. Plaintiff alleges discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990, based on his race, religion, and disability. (Document No. 1, pp. 3-4). Plaintiff contends that Defendant GKN Driveline ("GKN" or "Defendant") discriminated against him by terminating his employment (for a week), failing to accommodate his disability, and by retaliating against him

for complaining about a co-worker who allegedly harassed Plaintiff by going through his personal belongings.[1] (Document No. 1, pp. 3-4, 11, 21-23); see also (Document No. 30, p. 1).

"Defendant's Answer To Plaintiff's Complaint" (Document No. 11) was filed on April 25, 2018. The parties attempted to resolve this case through the Court's *Pro Se* Settlement Assistance Program, but reached an impasse. See (Document Nos. 13, 14, 18, 19, 20, and 21).

The parties' "Certification And Report Of Fed.R.Civ.P. 26(F) Conference And Discovery Plan" (Document No. 22) was filed on August 15, 2018. The Honorable Robert J. Conrad, Jr. then issued a "Pretrial Order And Case Management Plan" (Document No. 23) on August 20, 2018. The "…Case Management Plan" includes the following deadlines: discovery completion – February 28, 2019; dispositive motions - March 29, 2019; and trial – September 2, 2019. (Document No. 23).

The pending "Moti[o]n To Enforc[e] The Defendant To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action" (Document No. 26) was filed on October 29, 2018. The undersigned construes the pending motion as a motion to compel Defendant to produce responses to Plaintiff's discovery requests and/or subpoenas. "Defendant's Response In Opposition To Plaintiff's Motion…" (Document No. 27) was filed on November 13, 2018. On November 19, 2018, the Court *sua sponte* allowed Plaintiff an extension of time to file a reply brief in support of his motion, which was filed on December 3, 2018.

This motion is now ripe for review and disposition.

**STANDARD OF REVIEW**

Rule 26 of the Federal Rules of Civil Procedure provides that:

---

[1] Individual Defendants named in the Complaint were subsequently dismissed by the Court. (Document No. 3).

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

**DISCUSSION**

The undersigned first notes that the pending motion does not meet the requirements of Local Rule 7.1. See (Document No. 26). Specifically, it fails to include a brief in support. See Local Rule 7.1(c). Instead, Plaintiff's filing simply attaches a copy of a "Subpoena To Produce Documents…" and its Exhibit A, along with Defendant's objections/responses to Plaintiff's production demands. (Document No. 26-1). Plaintiff asserts on October 29, 2018, that Defendant refused to produce (all) the documents requested, but his filing shows that the date for production was October 30, 2018. See (Document No. 26, p. 1 and Document No. 26-1, p. 2).

"Defendant's Response In Opposition To Plaintiff's Motion…" presents three arguments. (Document No. 27). First, Defendant argues that the motion to compel "is premature and unnecessary as it was filed before the date of production deadline set forth in the Second Subpoena." (Document No. 27, p. 4). Defendant contends that it timely produced responsive documents not subject to privilege or other objections by the October 30, 2018 deadline. (Document No. 27, pp. 3-4). As such, Defendant contends the pending motion to enforce/compel is moot. (Document No. 27, p. 4).

Second, Defendant argues that Plaintiff's discovery requests were highly objectionable in multiple respects and that it served timely objections. Defendant contends that Plaintiff's requests are: "grossly overbroad, unduly burdensome, irrelevant, and/or protected by disclosure by the attorney-client privilege and/or work product doctrine." Id.

Finally, Defendant argues that Plaintiff's motion "is not supported by any factual or legal basis and should therefore be denied." Id.

"Plaintiff's Reply…" offers little, if any, effective rebuttal to "Defendant's Response…," but does raise new arguments and factual details not included in his motion. "A reply brief should be limited to a discussion of matters newly raised in the response." Local Rule 7.1(e).

The undersigned finds Defendant's arguments to be most persuasive. It does appear that Plaintiff's motion was premature. Moreover, his discovery demands, at least in part, seek information that is likely privileged, irrelevant, and/or not proportional to the needs of this case. See Fed.R.Civ.P. 26(b)(1). As such, the undersigned will deny the instant motion. However, after appropriate review of the discovery responses he has received to date, Plaintiff may serve revised discovery requests that are consistent with the requirements of Rule 26.

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Moti[o]n To Enforc[e] The Defendant To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action" (Document No. 26) is **DENIED**.

**SO ORDERED**.

Signed: December 12, 2018

David C. Keesler
United States Magistrate Judge