# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:17-CV-00221-KDB-DSC

| | |
|---|---|
| DOMINIC BETOURNEY, | ) |
| Plaintiff, | ) )  ) |
| v. | ) ) **ORDER** |
| GKN DRIVELINE NEWTON, LLC, | ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the Court on Defendant GKN Driveline Newton, LLC's ("GKN") Motion for Summary Judgment (Doc. No. 33), which Plaintiff Dominic Betourney ("Betourney") opposes. The Court has carefully reviewed the motion and considered the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the motion and enter Summary Judgment in favor of GKN.

## I. LEGAL STANDARD

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if it might affect the outcome of the suit under the governing law." *Vannoy v. Federal Reserve Bank of Richmond*, 827 F.3d 296, 300 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions,

answers to interrogatories, admissions or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003)**.** "The burden on the moving party may be discharged by 'showing' ... an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial," *Id*. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. *Id*. at 324.

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014); *see also Anderson*, 477 U.S. at 255. "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). "The court therefore cannot weigh the evidence or make credibility determinations." *Id*. at 569 (citing *Mercantile Peninsula Bank v. French* (*In re French*), 499 F.3d 345, 352 (4th Cir. 2007)).

However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (internal citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Also, the mere argued existence of a factual dispute does not defeat an otherwise

properly supported motion. *Id*. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Id*. at 249-50.

In the end, the question posed by a summary judgment motion is whether the evidence as applied to the governing legal rules "is so one-sided that one party must prevail as a matter of law." *Id*. at 252.

## II.     FACTS AND PROCEDURAL HISTORY

GKN is a Newton, North Carolina based company that develops, builds, and supplies automotive driveline systems and solutions.[1] Mr. Betourney is currently employed as a machine operator in GKN's Lap/Test department and has been so employed since June 2016 (after a few months of working at GKN as an employee of a temporary placement agency).

Plaintiff alleges that on June 21, 2016 a "tall muscular Caucasian male with a beard who worked for maintenance" followed him around while he was on his break. When he returned to his worksite, he allegedly saw two individuals, one of whom he knew as "Mr. Bob" or "John," "acting very suspicious" near the machine where he worked. Plaintiff then noticed a man he referred to as "Mr. Thomas" close the lid on his lunch bag. He alleges "Mr. Thomas" walked away when Plaintiff returned to his machine. Plaintiff confirmed nothing was stolen and then emptied his lunch bag in the trash. Plaintiff allegedly later saw "Mr. Thomas" and "Mr. Bob" or "John" talking together.

The next day, Betourney gave a four-page, handwritten written report regarding this incident to Tina Lineberger in GKN's Human Resources ("HR") department. In this report, he does not claim that the alleged conduct was the result of discrimination or harassment based on

---

[1] The summary of relevant facts recited in this Order are undisputed or otherwise clearly supported in the record, as cited in the parties' memoranda of law.

his race or religion or a disability, nor did Plaintiff tell Ms. Lineberger that he felt he was being discriminated against or harassed based upon his race or religion or a disability. GKN conducted an investigation into Plaintiff's allegations but was unable to clearly identify the alleged perpetrators or any witnesses to the incident. On August 4, 2016, Ms. Lineberger by email asked Betourney's supervisor Larry Johnson to inform Betourney that she had completed the investigation and found nothing to support his claim. While Betourney was (and remains) unsatisfied with both how the investigation was handled and its conclusion, he did not raise any issues of racial, religious, or disability-based discrimination or harassment during the Company's investigation or when he was told that GKN did not intend to take any further action.

In April 2017, GKN terminated Betourney because he had allegedly accumulated too many "points" due to excessive absences. Betourney disputed the total allocation of points, claiming that he received points for days off that should have been counted as vacation time. GKN was unable to confirm that the termination based on the attendance record was justified so Defendant decided to rehire Betourney one week later. Betourney did not raise any concerns of unlawful discrimination, harassment, or retaliation at the time of this one-week termination.

On September 7, 2017, more than a year after his June 2016 complaint to HR, Betourney filed a charge with the EEOC. In his charge, Betourney alleged that he complained to HR of an incident of "harassment and discrimination" in June 2016 and that HR stated that they investigated but found nothing to support the claim and took no further action. Betourney also alleged that "the harassment in my workplace continued after my complaint," but he did not describe the continuing harassment nor did he specify how long the harassment continued. Regarding his brief termination, he alleged that "I was discharged for about one week, based on incorrect disciplinary records that failed to take account of documentation of my disability that I

had provided. After I explained the circumstances to HR, I was rehired."[2] Finally, Betourney alleges generally that he was discriminated against on the basis of his race (African American), his religion (American Muslim) and his disability and that he has been retaliated against for "opposing unlawful employment actions." However, the EEOC charge does not provide any details regarding this alleged discrimination or retaliation nor does the charge even identify his disability or the allegedly "unlawful" employment actions which he allegedly opposed.

The EEOC dismissed the charge on September 7, 2017, the same day that it was filed. In the Dismissal and Notice of Rights letter from the EEOC to Betourney, the EEOC informed Betourney that he had 90 days from the date he received the Dismissal and Notice of Rights to sue GKN. Plaintiff received the notice on September 12, 2017 and timely filed this action on December 11, 2017.

### III. DISCUSSION

Betourney's Complaint asserts claims of discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Americans with Disabilities Act of 1990, as amended ("ADA"). He claims that Defendants[3] discriminated against him based on his race and religion by terminating his employment and failing to accommodate his disability (which he describes as "right hip surgery, right shoulder surgery, chronic pain"). Also, he claims that Defendants retaliated against him. Although he generally alleges that

---

[2] The EEOC charge also states "my employer informed me I was discharged for 5 points of attendance problems."
[3] In the Complaint, Betourney asserted claims against several individuals - Thommas (no last name), Tinna (no last name), Larry Johnson and Gary Gilchrist – in addition to his claims against GKN. The individual defendants were dismissed from this action by the Court on March 6, 2018. (Doc. No. 3).

Defendants are still committing these acts against him, he lists the dates of the alleged discriminatory acts as June 21, 2016 and July 5, 2017.

### A. Betourney's Failure to Timely Exhaust Administrative Remedies Denies the Court Jurisdiction Over Many of His Claims.

The United States Courts are courts of specifically limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Therefore, whether the Court has jurisdiction over the subject matter of a case must be considered before addressing its merits. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). Indeed, subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (internal citations omitted). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) (internal citations omitted).

In the Fourth Circuit, the exhaustion requirement of antidiscrimination statutes functions as a jurisdictional bar where a plaintiff has failed to comply with it. *Seda v. Colvin*, 2018 WL 461443, at \*6 (D. Md. Jan. 18, 2018), *aff'd*, 719 F. App'x 288 (4th Cir. 2018), *cert. denied sub nom. Seda v. Berryhill*, 139 S. Ct. 214 (2018); *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013) ("An employee seeking redress for discrimination cannot file suit until she has exhausted the administrative process." (citing 42 U.S.C. § 2000e–5(b)). Therefore, this Court lacks subject matter jurisdiction over any Title VII or ADA claim for which the plaintiff did not exhaust his administrative remedies. *See Balas*, 711 F.3d at 406–07; *Melendez v. Sebelius*, 2014 WL 1292221, at \*4 (D. Md. Mar. 27, 2014) ("The failure by a plaintiff to exhaust

administrative remedies deprives the federal courts of subject matter jurisdiction."); *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 593 (4th Cir. 2012); *Thiessen v. Stewart–Haas Racing, LLC,* 311 F. Supp. 3d 739, 743 (E.D.N.C. 2018).

Pursuant to Title VII, "an employee cannot seek redress in federal court for an employer's alleged discriminatory conduct unless he filed a charge of discrimination with the EEOC within 180 days 'after the alleged unlawful practice occurred.'" *Hospodor v. Burlington Industries, Inc.*, 205 F.3d 1333, *1 (4th Cir. 2000) (citing 29 U.S.C. § 626(d) (1994), 42 U.S.C. § 2000e-5(e) (1994). This time limitation also applies to claims under the ADA. *Sydnor*, 681 F.3d at 593.

Betourney filed his EEOC charge on September 7, 2017, well past the statutory 180-day deadline for asserting his discrimination claims under Title VII and the ADA related to the June 21, 2016 incident that he describes in the EEOC charge and the Complaint. Therefore, he failed to timely exhaust his administrative remedies with respect to that alleged incident. As a result, this Court lacks jurisdiction over those claims, which must be dismissed as a matter of law.

Also, EEOC charges that are conclusory, lack specificity and do not give the EEOC (or the employer) a description of the allegedly wrongful conduct may be insufficient to exhaust administrative remedies. *See, e.g.*, *Manning v. Blue Cross and Blue Shield of Kansas City*, 522 F. App'x 438 (10th Cir. 2013) (where EEOC charges completely lacked any factual specificity, failing to even describe the particular actions and practices complained of, the charges were insufficient to exhaust administrative remedies under Title VII); *Herbert v. Olympia Hotel Management LLC*, No. 3:13-CV-00015, 2014 WL 414227 (W.D. Va. Feb. 4, 2014) (noting that the Fourth Circuit "strictly enforces th[e] narrow scope of a plaintiff's right to sue" when dismissing the plaintiff's race discrimination claim for failure to exhaust his administrative

remedies where his charge was too vague to cover the detailed allegations in his complaint); *Dasrath v. Stony Brook University Medical Center*, 965 F. Supp. 2d 261 (E.D.N.Y. 2013) (dismissing plaintiff's harassment claim where the claim was not sufficiently described in the underlying EEOC charge).

Betourney's EEOC charge generally alleges that "the harassment in my workplace continued after my complaint," and that he was discriminated against on the basis of his race (African American), his religion (American Muslim) and his disability and that he has been retaliated against for "opposing unlawful employment actions." However, except for claims based on the one specific June 2016 incident (which may not be pursued because they are time barred) and his one-week termination from the company (which is discussed below), Betourney did not describe any other allegedly "continued" harassment,[4] race discrimination or religious discrimination in the EEOC charge nor did the charge identify his disability or the allegedly "unlawful" employment actions which he allegedly opposed. Having failed to include any description or details at all for these generally plead charges, Betourney's EEOC charge is insufficient to exhaust his administrative remedies with respect to those claims, which in turn means that this Court does not have subject matter jurisdiction over the claims.

B.  GKN is Entitled to Summary Judgment on Betourney's Retaliation Claim.

GKN is entitled to summary judgment on Betourney's retaliation claim even if administrative remedies have been exhausted with respect to that claim.[5] Title VII prohibits an

---

[4] Also, Betourney did not state in the EEOC charge how long the continued harassment lasted so that the Court can determine if the EEOC charge was timely filed.

[5] While it is not clear from the EEOC charge how and when the alleged retaliation occurred, viewing the facts in the light most favorable to Betourney, the Court assumes that Betourney alleged that GKN retaliated against him by terminating him for one week in April 2017, which would make his September 2017 EEOC charge timely as to his retaliation claim.

employer from discriminating against his employee because he "has opposed any . . . unlawful employment practice" under Title VII. 42 U.S.C. § 2000e–3(a). A plaintiff may prove a retaliation claim in violation of Title VII either through direct and indirect evidence of an intent to retaliate, or through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015). Here, Plaintiff has offered no direct or indirect evidence of retaliatory animus, so he must proceed under the *McDonnel-Douglas* framework.

Under this framework, Plaintiff must first make a prima facie case of retaliation. *Foster*, 787 F.3d at 250. To make a prima facie case for a retaliation claim, Plaintiff must show that "(1) he engaged in protected conduct; (2) an adverse action was taken against him by [Defendant]; and (3) there was a causal connection between the first two elements." *Ulrich v. CEXEC, Inc.*, 709 F. App'x 750, 753 (4th Cir. 2017) (per curiam). Then, if Defendant offers a legitimate, non-discriminatory reason for the action in question, Plaintiff must prove by a preponderance of the evidence that the proffered reason was pretextual. *Id*.

Plaintiff's retaliation claim fails as a matter of law because he cannot establish either the first or the third element of a *prima facie* retaliation claim. First, the conduct for which GKN allegedly retaliated against him is not "protected activity" within the meaning of Title VII. Title VII applies solely to employment discrimination based on the specific protected categories of race, color, sex, religion, and national origin." *See King v. Seaboard Coast Line R.R. Co*., 538 F.2d 581, 583 (4th Cir.1976). Title VII does not cover other types of discrimination or mistreatment in the workplace, regardless of how unfair the alleged conduct may be. *Id*.

Title VII recognizes two forms of protected activity: (1) "opposition" activity, i.e., "oppos[ing] any practice made an unlawful employment practice"; and (2) "participation"

activity, i.e., "ma[king] a charge, testif[ying], assist[ing], or participat[ing] in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a); *Netter v. Barnes*, 908 F.3d 932, 937 (4th Cir. 2018); *Laughlin v. Metro Washington Airports Auth.*, 149 F.3d 253, 255, 259 (4th Cir.1998). Betourney's internal complaint to the HR department about allegedly being followed and having his lunch bag opened is neither "opposition" nor "participation" protected activity.

Complaining about conduct that is outside of the scope of Title VII does not constitute "opposition" protected activity. *See Conyers v. Va. Housing Dev. Auth.*, 927 F. Supp. 2d 285, 295 (E.D. Va. 2013) ("[T]he employee must complain about activity that constitutes unlawful discrimination under Title VII"). While the alleged conduct Betourney asked to be investigated may well be unwelcome or inappropriate if it was true, the conduct is not discrimination based on any of Title VII's protected categories nor did Betourney allege that it was when he made his complaint to the HR department. Further, making an internal company employment complaint does not constitute "participation" protected activity. "Every Court of Appeals to have considered th[e] issue squarely has held that participation in an internal employer investigation not connected with a formal EEOC proceeding does not qualify as protected activity under the participation clause." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 49 (2d Cir. 2012); *see also Laughlin*, 149 F.3d at 259.

Also, to prove retaliation in violation of Title VII, a plaintiff must prove that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer. *Univ. of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 359 (2013). Betourney has failed to provide any evidence of a causal connection between his alleged "protected conduct" (filing a complaint in June 2016) and GKN taking an adverse action

(the one-week termination in April 2017) against him. Therefore, he has failed to establish a prima facie case of retaliation under Title VII, both by failing to show that he engaged in "protected conduct" and that the adverse employment action taken against him was causally connected to that conduct.[6]

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT**:

Defendants' "Motion for Summary Judgment" (Doc. No. 33) is **GRANTED**, Betourney's Complaint is **DISMISSED**, and **SUMMARY JUDGMENT** is hereby entered in favor of GKN on all the claims in this action. The Clerk of Court is directed to close this case.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 1, 2019

Kenneth D. Bell
United States District Judge

---

[6] In addition to Betourney's failure to establish a prima facie case of retaliation, he has failed to produce any evidence to show that GKN's alleged non-discriminatory reason for the termination (that Betourney's attendance records supported the termination) was pretextual.